UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

AKEEM MUHAMMAD,

           Plaintiff,

v.     Case No. 3:06-cv-527-J-32TEM

JAMES MCDONOUGH,

           Defendant.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, an inmate of the Florida penal system who is proceeding pro se, initiated this action by filing a civil rights complaint (hereinafter Complaint). On April 26, 1996, the President signed into law the Prison Litigation Reform Act (hereinafter PLRA) which amended 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The Court takes judicial notice of Case Number 4:97cv105-WS, which was brought by Plaintiff in the United States District Court

for the Northern District of Florida.  The case was dismissed for failure to state a claim.  Also, the appeal of the dismissal order in this case was dismissed as frivolous.  Appellate Case No. 98-3165-F.  The Court also takes judicial notice of Case No. 4:97-cv-383-MP which was filed in the Northern District of Florida.  It too was dismissed for failure to state a claim.  Additionally, the appeal of the dismissal order was dismissed as frivolous.  Appellate Case No. 98-2508-II.  Finally, Case No. 97-1174-Civ-J-20C, filed in the Middle District of Florida, was dismissed as frivolous.  Also, the appeal was dismissed as frivolous.  Appeal Case No. 97-3282.

Plaintiff does not dispute that he has three strikes.  See Plaintiff's June 9, 2006, Motion for "Imminent Danger" Status (Doc. #3).  Because Plaintiff has had three or more qualifying dismissals and is not under imminent danger of serious physical injury,[1] this

---

[1] Plaintiff has filed a civil rights complaint asserting that he will kill any non-muslim cellmate, that he is currently confined in a single-cell environment on CMI at Florida State Prison and that he fears progressing to a less secure environment because he would be compelled to act on his beliefs and kill his future cellmate.  Plaintiff has also filed a Motion for Preliminary Injunction seeking to enjoin the Defendant from removing him from CMI classification status.  He states that he cannot tolerate "the evil of a non-muslim inmate."  Plaintiff's June 9, 2006, Motion for Preliminary Injunction (Doc. #2) at 5.  Plaintiff states he is no longer on death row, and that if he is removed from CMI, it would subject him and his future cellmate to an imminent confrontation that will lead to serious physical injury and/or death for them both.  First, it is clear that a prisoner cannot create the imminent danger so as to escape the three strikes provision of the PLRA. To hold otherwise would eviscerate the rule. Every prisoner would then avoid the three strikes provision by threatening to

action will be dismissed without prejudice. Plaintiff may initiate a new civil rights action by filing a civil rights complaint form and paying the full $350.00 filing fee.

This cause is also before the Court on Plaintiff's Motion for Preliminary Injunction (Doc. #2). He seeks an order from the Court enjoining the Defendant from removing him from CMI classification status where he is confined in a single cell environment. He states that he is a Sunni Mulsim who believes that he must be segregated from non-Muslims. He feels that he is required to use lethal force to deal with threats from non-Mulsims and homosexuals. He also states that he suffers from colitis and irritable bowel syndrome which causes him to defecate numerous times a day, leading to an unpleasant environment in his cell.

The Court is of the opinion that Plaintiff has failed to comply with the strictures of Fed.R.Civ.P. 65 and Local Rule 4.05 of the Rules of the United States District Court for the Middle District of Florida. Further, Plaintiff has failed to submit a proposed form of preliminary injunction prepared in strict accordance with the requirements contained in Rule 65(b) and (d), Fed.R.Civ.P.

---

commit suicide or by threatening to kill someone else. Wallace v. Cockrell, No. 3:03-MC-98-K, 2003 WL 22961212, at *2 (N.D. Tex. Oct. 27, 2003). Further, any potential injury to Plaintiff by being removed from CMI status is both remote and speculative. Plaintiff states that he is currently on CMI status. Plaintiff has not progressed off of CMI status and he has not been placed with a cellmate.

Plaintiff's request for a preliminary injunction is due to be denied for the above-mentioned reasons. However, even assuming arguendo that Plaintiff properly filed his request for injunctive relief, the request for injunctive relief is due to be denied for the following reasons. Of course, "[to] support a preliminary injunction, a district court need not find that the evidence positively guarantees a final verdict in plaintiff's favor." Levi Strauss & Co. v. Sunrise Intern. Trading Inc., 51 F.3d 982, 985 (11th Cir. 1995). Instead, as the Eleventh Circuit has stated, the district court must determine whether four prerequisites for extraordinary relief have been established by the evidence:

> A TRO or preliminary injunction is appropriate where the movant demonstrates that:
> (a) there is a substantial likelihood of success on the merits;
> (b) the TRO or preliminary injunction is necessary to prevent irreparable injury;
> (c) the threatened injury outweighs the harm that the TRO or preliminary injunction would cause to the non-movant; and
> (d) the TRO or preliminary injunction would not be averse to the public interest.
> See Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985).

Parker v. State Bd. of Pardons & Paroles, 275 F.3d 1032, 1034-35 (11th Cir.) (per curiam) (footnote omitted), cert. denied, 534 U.S. 1072 (2001). Furthermore, a preliminary injunction is an extraordinary and drastic remedy that should not be granted unless

the movant clearly establishes the burden of persuasion as to all four prerequisites.  See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998).

Here, Plaintiff has not demonstrated that a preliminary injunction order is necessary to prevent irreparable injury.  The Eleventh Circuit has "emphasized on many occasions, the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'"  Siegel v. LePore, 234 F.3d 1163, 1176-77 (11th Cir. 2000) (per curiam) (quoting Northeastern Fla. Chapter of the Ass'n of Gen. Contractors v. City of Jacksonville, 896 F.2d 1283, 1285 (11th Cir. 1990)).

Any potential injury to Plaintiff is both remote and speculative.  Plaintiff is confined in CMI status.  As a former death row inmate, the correction's officials are certainly aware of Plaintiff's criminal history.  Plaintiff has not shown that he will suffer irreparable injury if an injunction does not issue.  Accordingly, for all of the above-stated reasons, Plaintiff's request for injunctive relief will be denied.

For all of the above-stated reasons, this case will be dismissed without prejudice.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.  Plaintiff's June 9, 2006, Motion for Preliminary Injunction (Doc. #2) is **DENIED.**

2.   Plaintiff's June 9, 2006, Motion for "Imminent Danger" Status (Doc. #3) is **DENIED**.

3.   This case is **DISMISSED** without prejudice.

4.   The Clerk shall enter judgment dismissing this case without prejudice.

5.   The Clerk shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 9th day of June, 2006.

TIMOTHY J. CORRIGAN
United States District Judge

sa 6/9
c:
Akeem Muhammad
James R. McDonough, Acting Secretary, FDOC

- 6 -